IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PIERRE BEAUDOUIN and MARIE BEAUDOUIN, | : : : | |
| Appellants, | : : | CIVIL ACTION NO. 19-4027 |
| v. | : : : | |
| VILLAGE CAPITAL & INVESTMENT LLC, | : : : : | |
| Appellee. | : | |

## **MEMORANDUM OPINION**

Smith, J.                                                                                                                                          March 13, 2020

For more than two years, the appellants have challenged the appellee property owner's attempts to eject them from their residence in Philadelphia. Faced with an impending lock-out, the appellants attempted to obtain relief by filing a petition under Chapter 13 of the Bankruptcy Code, only to later fail to object to the property owner's motion for relief from the automatic stay to allow the ejectment. Without opposition, the bankruptcy court granted the property owner's motion for relief from the stay.

Despite having failed to object, the appellants nevertheless moved to have the bankruptcy court reconsider the order granting relief from the automatic stay. In this motion, the appellants argued that the bankruptcy court should reconsider granting relief from the stay because, *inter alia*, (1) their prior privately retained counsel essentially abandoned them and seemingly misappropriated funds, (2) they were confused throughout the foreclosure, prior bankruptcy proceeding, and the property owner's more recent attempts to obtain possession of the property in part because they speak Haitian French and have difficulty with English, and (3) the property owner, who was the holder of a first mortgage on the property, had actually reinstated the mortgage

post-bankruptcy petition but then refused to accept a belated arrearage payment. After a hearing, the bankruptcy court denied the motion for reconsideration.

The appellants now appeal from the bankruptcy court's decision denying the motion for reconsideration, arguing that the bankruptcy court committed an abuse of discretion by, *inter alia*, refusing to consider the equities in the matter due to its deference to the appellee. After considering the applicable record and the parties' submissions, and after hearing oral argument from counsel, the court finds that the bankruptcy court acted within its discretion in denying the motion for reconsideration. Accordingly, the court will affirm the decision of the bankruptcy court.

## I. BACKGROUND AND PROCEDURAL HISTORY

The appellants, Pierre A. Beaudouin and Marie Joselyn Beaudouin, previously owned property located at 1240 Magee Avenue, Philadelphia, PA 19111 ("the Property"), which was subject to a first mortgage held by the appellee, Village Capital & Investment LLC. Reproduced Record ("R.") at 16, 35, Doc. No. 2. The appellants failed to pay on the mortgage, leading the appellee to file a mortgage foreclosure action. The Prothonotary of the Court of Common Pleas of Philadelphia County entered an *in rem* judgment (by default) in the amount of $120,789.06 in favor of the appellee and against the appellants on May 27, 2016. *Id.* at 16, 19–22.

On December 6, 2016, a sheriff's sale took place and the Sheriff of Philadelphia County sold the Property to the appellee.[1] *Id.* at 17, 30–32. As it now owned the Property, the appellee initiated the process of removing the appellants from the premises by filing a complaint in ejectment on May 9, 2017 in the Court of Common Pleas of Philadelphia County. Appellee's Counter Reproduced Record ("Counter R.") at 4, Doc. No. 8. After a trial on November 21, 2017,

---

[1] The deed from the sheriff to the appellee, dated March 25, 2017, was recorded on April 6, 2017 in Philadelphia County. R. at 17, 30–32.

the Court of Common Pleas of Philadelphia County entered judgment for possession in favor of the appellee.[2] *Id.* at 8.

It appears that in the first half of 2018, the appellants successfully delayed the appellee's attempts to evict them from the Property by filing emergency motions to stay the ejectment. *Id.* at 8–11. Although the state trial court granted the first emergency motion to stay, the trial court denied two later filed motions, with the last denial occurring on May 21, 2018. *Id.* at 9–11. The appellees attempted to proceed with ejectment, but the appellants stayed this process by filing a Chapter 13 bankruptcy petition on May 22, 2018. *Id.* at 12–17; *see In re Beaudouin*, Bankr. No. 18-13406 (Bankr. E.D. Pa.). On November 28, 2018, the bankruptcy court dismissed the case for the failure to make plan payments. *Id.* at 17; Docket, *In re Beaudouin*, Bankr. No. 18-13406 (Bankr. E.D. Pa.).

A second writ of possession was issued on January 16, 2019; however, the appellants again thwarted ejectment proceedings by filing another Chapter 13 bankruptcy petition on March 29, 2019. R. at 1, 17, 43; *In re Beaudouin*, Bankr. No. 19-11940-jfk (Bankr. E.D. Pa.). In response, the appellee, on June 27, 2019, filed a motion for relief from the automatic stay provisions of 11 U.S.C. § 362, permitting it to take any and all actions necessary to enforce its right as the owner of the Property. R. at 16. The appellants did not initially contest the motion for relief from the automatic stay, and the appellee filed a Certification of No Objection on July 15, 2019. R. at 5, 38. However, after being contacted by the appellants' attorney, the appellee consented to have its motion for relief from the stay adjourned for an additional two weeks, until July 31, 2019. R. at 5; Counter R. at 1. By July 31, 2019, the appellants still did not file or present any objection to the

---

[2] It is unclear from the record what the designation of a "trial" means in the context of this case as the docket entries provided by the appellee in its reproduced record appears to show that the Prothonotary entered a default judgment against the appellants on August 9, 2017, after they failed to file a timely response to the complaint. *See* Counter R. at 5.

motion for relief from the automatic stay, and accordingly, the bankruptcy court granted the appellee's motion for relief as uncontested. R. at 39.

The appellants then moved, on August 8, 2019, to have the bankruptcy court vacate or amend the order granting relief from the automatic stay. R. at 40–46. In the motion, the appellants acknowledged that they filed the Chapter 13 petition to "avoid the sale of their residence where they live with two adult children." *Id.* at 43. They also argued that the bankruptcy court should reconsider the order granting relief from the automatic stay because, *inter alia*, (1) the attorneys they originally retained with respect to the foreclosure proceedings essentially committed legal malpractice (and possibly criminal misconduct), (2) the appellants speak Haitian French and have "great difficulty with the English language," (3) the current bankruptcy was ready for plan confirmation, (4) the appellants had not been able to execute an agreement with the appellee to pay the mortgage arrears because their adult son (who seemingly had the funds) did not return from Haiti until after July 31, 2019 (the date of the rescheduled hearing on the motion for relief from the automatic stay), (5) the appellee reinstated the mortgage post-petition, but it now refuses to accept the funds to pay the mortgage arrears after the date which the appellants had agreed to remit the funds, (6) the appellee waived its prior position based on the reinstatement of the mortgage, and (7) the appellants would be "seriously and permanently harmed" despite this issue being caused by "mere confusion on their part." *Id.* at 43–46. The appellants also sought a prompt hearing on the motion. *Id.* at 45–46.

The bankruptcy court granted the request for an expedited hearing and held a hearing on August 13, 2019. R. at 48; Counter R. at 20–31. At the conclusion of the hearing, the bankruptcy court denied the request to vacate or amend the July 31, 2019 order, finding that the appellants failed to establish a legal basis for reconsideration of its prior order entered pursuant to an

4

uncontested motion for relief. Counter R. at 23–29. The bankruptcy court entered an order denying the motion to vacate or amend on August 19, 2019. R. at 50.

The appellants timely filed a notice of appeal from the bankruptcy court's August 19, 2019 order with the clerk of the bankruptcy court on September 3, 2019.[3] *Id.* at 6, 51. They filed their brief in support of the appeal on November 2, 2019, and a copy of the transcript from the August 13, 2019 hearing before the bankruptcy court on November 4, 2019. Doc. Nos. 6, 7. The appellee filed its opposing brief and reproduced record on December 2, 2019. Doc. Nos. 7, 8. The appellants filed a reply brief on December 16, 2019. Doc. No. 9. This court held oral argument on January 16, 2020.[4] The matter is ripe for disposition.

## II. DISCUSSION[5]

### A. Standard of Review

The district court reviews the bankruptcy court's legal determinations *de novo,* its factual findings for clear error, and its discretionary determinations for abuse of discretion. *See Reconstituted Comm. of Unsecured Creditors of the United Healthcare Sys., Inc. v. State of N.J. Dep't of Labor (In re United Healthcare Sys., Inc.)*, 396 F.3d 247, 249 (3d Cir.

---

[3] A party has "14 days after entry of the judgment, order, or decree being appealed" to file a notice of appeal. Fed. R. Bankr. P. 8002(a)(1). An appellant's failure to timely file a notice of appeal from the complained-of decision of the bankruptcy court implicates the district court's subject-matter jurisdiction over the appeal. *See In re Caterbone*, 640 F.3d 108, 111–13 (3d Cir. 2011) (determining that "28 U.S.C. § 158(c)(2)'s incorporation of the filing timeline in Rule 8002(a)" signifies that "the time requirement for filing a bankruptcy appeal is jurisdictional" and concluding that district court lacked jurisdiction to hear appellant's appeal from bankruptcy court's order dismissing Chapter 11 bankruptcy petition because he failed to timely file notice of appeal).
    Here, although the bankruptcy court's order is dated for August 16, 2019, the clerk of the bankruptcy court did not enter the order until August 19, 2019. Based on this entry, the appellants would have had until Monday, September 2, 2019, to file a notice of appeal. Since this date was Labor Day, a federal holiday, the appellants had until September 3, 2019, to file the notice of appeal. *See* Fed. R. Bankr. P. 9006(a)(1)(C) ("When the period is stated in days or a longer unit of time: . . . **(C)** include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.").
[4] During the time that this appeal was pending, the state trial court denied the appellants' two emergency petitions to stay the ejectment in Case No. 1705001537 on November 19, 2019. Counter R. at 18–19; *see also* Br. for Appellee at 5, Doc. No. 7. The Philadelphia County Sheriff's Office conducted a lock-out on that same day. Br. for Appellee at 5. Counsel have represented that the appellants are no longer living in the Property.
[5] The court has jurisdiction over this matter under 28 U.S.C. § 158(a)(1).

2005). As pertinent to this appeal, the court reviews a denial of a motion for reconsideration for an abuse of discretion. *Howard Hess Dental Labs. Inc. v. Dentsply Int'l, Inc.*, 602 F.3d 237, 246 (3d Cir. 2010). The findings of the bankruptcy court will not be disturbed on appeal unless predicated upon errors of law, or unsupported by competent evidence in the record. *See In re Trans World Airlines, Inc.*, 145 F.3d 124, 131 (3d Cir. 1998). As with all questions of law, the review is plenary. *In re Zinchiak*, 406 F.3d 214, 221–22 (3d Cir. 2005).

### B. Standard for a Motion for Reconsideration

A court may grant a motion for reconsideration if (1) an intervening change in controlling law has occurred, (2) new evidence has become available, or (3) reconsideration is necessary to correct a clear error of law or prevent manifest injustice. *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (per curiam) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)).

### C. Analysis

In this appeal, the appellants generally argue that "the bankruptcy court refused to exercise discretion and consider the equities in this matter due to its deference to the creditor." Br. of Appellants at 2, Doc. No. 5. They assert that the appellee had "extended an offer to appellants to rehabilitate the arrearage on the [P]roperty in the Chapter 13 case." *Id.* at 3. Due to this offer, the appellants contend that

> the [appellee] cannot rest on its laurels in respect to prior state court judgment(s) in light of its acceptance of the rehabilitative intent of the debtors insofar as the defaulted mortgage, and in light of its acceptance of the jurisdiction and the authority of the bankruptcy court over its' [sic] claim, along with its reinstatement of the appellants' mortgage, it was incumbent on the bankruptcy judge to apply equitable principals and analysis to the Motion to Vacate, and that it was error for that court to defer to the [appellee]'s reliance on a prior foreclosure judgment in allowing [the appellee] relief from the bankruptcy stay.

*Id.*

It appears that the essence of the argument that the appellants are raising here revolves around a purported agreement by the appellee to reinstate the mortgage. *Id.* at 5. They believe that this agreement is evidenced by a June 17, 2019 account statement the appellee sent to them. *Id.* at 5–6, Ex. B. They point out that they have paid the bankruptcy trustee approximately $10,000 toward the amount of prepetition debt owed under the mortgage, which is awaiting plan confirmation so the trustee can distribute it to the appellee. *Id.* at 5.

The appellants also argue that the appellee "did not carry its burden of proof" to justify relief from the stay "because it did not argue lack of adequate protection nor other just cause." *Id.* at 7. They assert that the appellee "was in receipt of all bankruptcy filings including schedules and the plan, ***and submitted a claim*** – the sole creditor in the plan – and knew that its debt was adequately protected by plan payments." *Id.* They also contend that the appellee never raised "any equitable issue under the [B]ankruptcy [C]ode for the court to consider." *Id.* at 8.[6]

---

[6] The court notes that in their brief, the appellants state:

> Appellants explained to the court that the arrearage was the result of misunderstanding of the procedures of the bankruptcy proceeding and it was largely due to great difficulty in communication because appellants speak Haitian French. ***The court was unsympathetic to this predicament and stated that counsel should not have taken on such clients, even though it should be obvious that there is not any abundance of Haitian French speaking attorneys practicing bankruptcy in the Philadelphia area, and any that can be located are practicing immigration according to the legal directories.***

Br. of Appellants at 3–4 (emphasis added).
    This statement by the appellants implies that the bankruptcy court criticized the appellants' counsel that she should not have taken on clients who speak Haitian French or otherwise have difficulty speaking English. The parties have provided the court with the transcript from the bankruptcy court hearing, and at no point did the bankruptcy court state or remotely suggest that the appellants' counsel should not have taken on the appellants as clients. Instead, to the extent that the bankruptcy court suggested that the appellants' counsel should have not done something, the court referenced that the appellants' counsel should not have agreed to the July 31, 2019 extension date. *See* Tr. of Aug. 13, 2019 Hr'g, Doc. No. 6-1 at 8 ("MS. TOSTA: Your Honor, when I don't have an English-speaking member of the family to help me communicate with Pierre and Marie, I have no way of -- THE COURT: Then, Counsel, then maybe you shouldn't have agreed to that date."); *id.* at 10 ("MS. TOSTA: To me it makes no sense that they could take it this date or two days later. THE COURT: Well, Counsel, you know, it makes no sense for you to have agreed to a date that you couldn't live with, either, okay.").

With respect to the appellants' arguments, the court preliminarily notes that the appellants never argued to the bankruptcy court that the court had to, and otherwise failed to, address whether the appellees established "cause" to obtain relief from the automatic stay. *See generally* R. at 43–46 (arguments contained in appellants' motion to vacate/amend order granting relief from automatic stay); Tr. of Aug. 13, 2019 Hr'g. This court "cannot consider an argument on appeal that was not raised in the bankruptcy court unless the appellate court is confronted with 'exceptional circumstances.'" *DVI Receivables XIV, LLC v. Nat'l Med. Imaging, LLC*, 529 B.R. 607, 625 (E.D. Pa. 2015) (citing *Wright v. Corning*, 679 F.3d 101, 105 (3d Cir. 2012)). The appellants have not presented the court, nor have they argued, that there are exceptional circumstances warranting consideration of this new issue argued on appeal.[7]

The appellants have also failed to provide the court with any basis to determine that the bankruptcy court committed an abuse of discretion in denying the motion for reconsideration. The

---

[7] As an aside, the court recognizes that section 362(d) of the Bankruptcy Code provides that the court

> shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay--
>
> **(1)** for cause, including the lack of adequate protection of an interest in property of such party in interest;
>
> **(2)** with respect to a stay of an act against property under subsection (a) of this section, if--
>
>   **(A)** the debtor does not have an equity in such property; and
>
>   **(B)** such property is not necessary to an effective reorganization.

11 U.S.C. § 362(d)(1)–(2). It appears that there is no basis for the appellants' argument that the appellee needed to show "cause" to gain relief from the automatic stay because the appellees' motion showed that the appellants had no "equity" in the Property insofar as the appellee owned it through a Sheriff's sale. Thus, the bankruptcy court could grant relief under section 362(d)(2). Additionally, and as explained further in this opinion, the appellants originally had until July 15, 2019, to file a response to the motion and failed to do so (for which the appellees filed a certification of no response), and they then received an extension to respond by July 31, 2019, and again failed to object. As such, the bankruptcy court could grant the motion as unopposed as contemplated by Local Bankruptcy Rule 9014-3(k). Further, even if the appellees had to show cause, seeking to take action to enforce its rights as owner of the Property (such as through an ejectment action), would show cause to support relief from the automatic stay. *See, e.g.*, *In re St. Pierre*, 295 B.R. 692, 695 (Bankr. D. Conn. 2003) (concluding owner of property showed sufficient cause to support relief from automatic stay when owner intended to obtain order of ejectment from state court which would remove bankruptcy petitioners from property in which they resided).

appellants did not argue that an intervening change in the law had occurred. As for any "new evidence," the appellants did not present any newly discovered evidence to the bankruptcy court. The information that they had about a purported agreement to reinstate the mortgage, which they did not allege in response to the motion for relief from the stay (as they did not file any opposition), is not "newly discovered evidence." *See Harsco Co. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985) ("When Zlotnicki moved that the district court reconsider its summary judgment order, he argued that the court had erred, but he submitted no new evidence. He filed only his own affidavit containing evidence that was available prior to the summary judgment. The district court appropriately did not consider the affidavit in its disposition of the motion for reconsideration and merely reviewed its summary judgment for error.").

Since the appellants did not argue about a change in the law or present any newly discovered evidence, the only way that this court could determine that the bankruptcy court committed an abuse of discretion would be if the bankruptcy court should have granted the motion for reconsideration to correct a clear error of law or prevent manifest injustice. The appellants have not met this burden.

In this case, the appellants failed to file a response to the motion for relief from the stay by the original reply date of July 15, 2019. After receiving an extension from the appellee, and with concurrence of the bankruptcy court, the appellants' time to reply was extended until July 31, 2019. Again, no reply in opposition was filed nor did the appellants seek a further extension to respond.

To the extent that the appellants argue that there was a purported agreement to reinstate the mortgage and that the individual with the money to make a payoff on the arrears was late in arriving, this does not excuse the fact that they had received an extension of time until July 31st to

9

respond to the appellee's motion and still failed to do so. They did not contact the court to request an additional extension (and there is no evidence in the record that they sought such an extension from the appellee). They have provided no excuse for failing to respond to the motion in a timely manner as their adult son's delay in arriving did not interfere with their ability to respond to the motion. They do not even argue that the bankruptcy court had any reason not to grant the motion as being uncontested. As such, there was no clear error of law for the bankruptcy court to correct.

Concerning manifest injustice, even if there was some sort of offer to reinstate the mortgage, the appellants admitted that they did not meet the conditions of the offer by tendering the funds by July 31st.[8] While they indicated that there was some sort of confusion on their part and a language barrier, it is uncontested that they did not file a response to the motion for relief from the automatic stay despite having their current counsel and receiving an extension to do so. Although the court is sympathetic to the appellants' situation and the fact that their past attorneys may have taken advantage of them, this does not amount to the bankruptcy judge having committed an abuse of discretion when granting the uncontested motion for relief from the stay.

---

[8] The court notes that the mere sending of a bank statement to the appellants is wholly insufficient to demonstrate that a mortgage has been reinstated under the circumstances presented in this case, namely when the matter has gone beyond foreclosure proceedings to reach a sheriff's sale and the bank is now the owner of the property at issue. The court notes that in this case, the parties would have had to transfer title to the property and reinstate the mortgage, and both of these actions would have to be in writing to be enforceable under Pennsylvania's statute of frauds. *See* 33 P.S. § 1; *Eastgate Enters., Inc. v. Bank & Trust Co. of Old York Rd.*, 345 A.2d 279, 281 (Pa. Super. 1975) ("To be valid, a mortgage must be in writing."). In addition, while the appellants point to their payment plan that they have worked out with the trustee to which they have already paid approximately $10,000, the reason why there is such a plan is because in the Chapter 13 petition, the appellants listed a claim of $63,623.47 held by Dovenmuehle Mortgage, Inc. *In re: Beaudouin*, Bankr. No. 19-11940-jkf (E.D. Pa.), Doc. No. 18. They proposed a plan which required them to pay $1,217.00 per month to the trustee, and again listed a debt of $63,623.47 to Dovenmuehle Mortgage, Inc, which was secured by the Property. *See* R. at 7, 9. The appellants included this information in their petition and plan even though there was no longer a mortgage and they no longer owned the Property. At bottom, the appellants' compliance with their own plan, with no evidence of participation or acquiescence by the appellee, is also insufficient to demonstrate an agreement.

As an additional note, the appellants, per their own statements, continued to pay this money to the trustee even though, contrary to their assertion that the appellee "submitted a claim," Br. of Appellants at 7, the record of the docket entries of the bankruptcy court proceedings in this case shows that the appellee never filed a proof of claim in the case. The appellee did not need to file a proof of claim as the mortgage no longer existed and it owned the Property.

This court finds that the bankruptcy court properly considered all record evidence and arguments submitted in support of and in opposition to the request to vacate or amend the order for relief. The bankruptcy court correctly concluded that the motion failed to demonstrate any defect that would warrant setting aside or amending the order granting relief from the stay. While the appellants argue, in part, that equity principles warrant the court setting aside the order, these arguments are simply unavailing both factually and legally. The bankruptcy court did not abuse its discretion in denying the motion for reconsideration, and accordingly, this court must properly affirm the bankruptcy court's denial of the motion to vacate or amend the July 31, 2019 order.

### III. CONCLUSION

The court finds that the bankruptcy court's denial of the motion to vacate or amend the July 31, 2019 order was proper and well within the bankruptcy judge's discretion. The bankruptcy court properly concluded that the appellants failed to demonstrate any actionable grounds that would warrant setting aside or amending the uncontested order granting the appellee relief from the automatic stay. Accordingly, the court will affirm the bankruptcy court's order.

A separate order follows.

BY THE COURT:

/s/ *Edward G. Smith*
EDWARD G. SMITH, J.